# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA
## SCRANTON DIVISION

| | |
|---|---|
| ARTHUR HILTON, Individually and for Others Similarly Situated, | Case No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| BKV OPERATING, LLC, | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |
| Defendant. | |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Arthur Hilton (Hilton) brings this Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §333.101 *et seq.* (PMWA) lawsuit to recover the unpaid overtime wages and other damages owed to him by BKV Operating, LLC (BKV).

2.      Hilton worked for BKV as a Drill Site Manager.[1]

3.      Hilton and the other workers like him regularly work in excess of 40 hours each week.

4.      But BKV does not pay them overtime for hours worked in excess of 40

---

[1] In the oil and gas industry, Drill Site Managers are also known as Drilling Consultants, Company Men, Drill Safety Managers, Company Representatives, etc.

hours in a single workweek.

5.     Instead of paying overtime, BKV classified Hilton and other similarly situated workers as independent contractors and paid them a day rate with no overtime.

6.     BKV never paid Hilton and the other workers like him a salary.

7.     This class and collective action seeks to recover unpaid overtime wages and other damages owed to these workers.

JURISDICTION AND VENUE

8.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.     The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial amount of the claim occurred in this District and Division.

11.     Specifically, Hilton worked for BKV in and around Tunkhannock, PA, Hilton worked overtime for BKV in and around Tunkhannock, PA, and BKV failed to pay Hilton overtime for the work he did in and around Tunkhannock, PA.

12.     Further, BKV conducts substantial business in and around Tunkhannock, PA and maintains their regional office in Tunkhannock, PA.

## THE PARTIES

13.     Hilton worked for BKV as a Drill Site Manager from approximately June 2019 until September 2019.

14.     Hilton worked for BKV in and around Tunkhannock, PA.

15.     Throughout his employment with BKV, BKV paid Hilton a day rate with no overtime compensation.

16.     Hilton's consent to be a party plaintiff is attached as Exhibit 1.

17.     Hilton brings this action on behalf of himself and all other similarly situated safety workers who were paid by BKV's day rate system.

18.     BKV paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek in a workweek in violation of the FLSA and PMWA.

19.     The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers employed by, or working on behalf of, BKV who were classified as independent contractors and paid a day rate with no overtime at any time in the past 3 years ("FLSA Class Members").**

20.     Hilton also seeks class certification of such a class under FED. R. CIV. P. 23, under the PMWA. Such a class is defined as follows:

> **All workers employed by, or working on behalf of, BKV in Pennsylvania who were classified as independent contractors and paid a day rate with no**

overtime at any time in the past 3 years ("Pennsylvania
Class Members").

21.    The FLSA and Pennsylvania Class Members are collectively referred
to herein as the "Putative Class Members."

22.    BKV can be served with process through its registered agent:
**Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.**

## COVERAGE UNDER THE FLSA

23.    At all times hereinafter mentioned, BKV has been an employer within
the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24.    At all times hereinafter mentioned, BKV has been part of an enterprise
within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25.    At all times hereinafter mentioned, BKV has been part of an enterprise
engaged in commerce or in the production of goods for commerce within the
meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise
has and has had employees engaged in commerce or in the production of goods for
commerce, or employees handling, selling, or otherwise working on goods or
materials that have been moved in or produced for commerce - such as debris
removal equipment, hand tools, computers, automobiles, and cell phones - by any
person and in that said enterprise has had and has an annual gross volume of sales
made or business done of not less than $1,000,000 (exclusive of excise taxes at the
retail level which are separately stated).

4

26.    At all times hereinafter mentioned, Hilton and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

27.    BKV treated Hilton and the Putative Class Members as employees and uniformly dictated the pay practices it applied to Hilton and the Putative Class Members.

28.    BKV's misclassification of Hilton and the Putative Class Members as independent contractors does not alter their status as an employee for purposes of the FLSA or the PMWA.

FACTS

29.    BKV is an oil and natural gas exploration and production company operating throughout the United States, including in Pennsylvania.

30.    To provide its services, BKV hires personnel (like Hilton) to perform drilling services.

31.    BKV does not hire these workers on a project-by-project basis.

32.    Rather, BKV hires and treats these workers just like regular, even if sometimes short-term, employees.

33.    Many of these workers worked for BKV on a day rate basis and make up the proposed Putative Class.

34.    These workers make up the proposed class of Putative Class Members.

35.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

36.    For example, Hilton worked for BKV as a Drill Site Manager from approximately June 2019 until September 2019.

37.    Throughout his employment with BKV, BKV paid him on a day rate basis.

38.    BKV paid Hilton and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to pay them overtime when they worked in excess of 40 hours in a workweek.

39.    BKV does not pay Hilton and the Putative Class Members a salary in accordance with exemption under the FLSA and/or PMWA.

40.    If Hilton and the Putative Class Members did not work, they did not get paid.

41.    Hilton and the Putative Class Members do not receive overtime pay.

42.    This is despite the fact Hilton and the Putative Class Members often work at least 12 hours a day, for 7 days a week, for weeks at a time.

43.    Although he typically worked 7 days a week, for at least 12 hours a day, Hilton did not receive any overtime pay.

44.     Hilton and the Putative Class Members received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

45.     Hilton's work schedule is typical of the Putative Class Members.

46.     BKV knows Hilton and the Putative Class Members work for at least 12 hours a day, for 7 days a week, for weeks on end.

47.     BKV's records reflect the fact that Hilton and the Putative Class Members regularly work far in excess of 40 hours in certain workweeks.

48.     BKV does not pay Hilton or the Putative Class Members overtime for hours worked in excess of 40 in any of those weeks.

49.     Instead, BKV pays Hilton and the Putative Class Members on a day rate basis.

50.     Hilton and the Putative Class Members are not employed on a salary basis.

51.     Hilton and the Putative Class Members do not, and have never, received guaranteed weekly compensation from BKV irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

52.     BKV's policy of paying Hilton and the Putative Class Members a day rate with no overtime compensation violates the FLSA and PMWA because it

deprives Hilton and the Putative Class Members of overtime for the hours they work in excess of 40 hours in a single workweek.

53.     BKV knew Hilton and the Putative Class Members worked more than 40 hours in a week.

54.     BKV and/or its clients control Hilton and the Putative Class Members' work.

55.     BKV requires Hilton and the Putative Class Members to follow BKV and/or its clients' policies and procedures.

56.     Hilton and the Putative Class Members' work must adhere to the quality standards put in place by BKV and/or its clients.

57.     Hilton and the Putative Class Members are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

58.     As a Drill Site Manager, Hilton's primary job duties included ensuring that BKV (or its clients') well or drilling project was safely completed in accordance with BKV (or its clients') specification, policies, and expectations.

59.     Without the job performed by Hilton and the Putative Class Members, BKV would not be able to complete its business objectives.

60.     Hilton and the Putative Class Members relied on BKV for work and compensation.

61.   Hilton and the Putative Class Members worked in accordance with the schedule set by BKV and/or its clients.

62.   Hilton and the Putative Class Members cannot subcontract out the work they are assigned by BKV.

63.   Hilton and the Putative Class Members must follow BKV and/or its clients' policies and procedures.

64.   Hilton and the Putative Class Members' work must adhere to the quality standards put in place by BKV and/or its clients.

65.   Hilton and the Putative Class Members did not substantially invest in the tools required to complete the overall job to which they were assigned.

66.   Hilton and the Putative Class Members did not possess any specialized or unique skill set other than that maintained by all other workers in their respective positions.

67.   Hilton and the Putative Class Members did not market their services while employed by BKV.

68.   Hilton and the Putative Class Members worked exclusively for BKV during the relevant period.

69.   Hilton and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and/or insurance.

70.    BKV and/or its clients set Hilton and the Putative Class Members' work schedule, which prohibited them from working other jobs for other companies while working on jobs for BKV.

71.    At all relevant times, BKV and/or its clients maintained control, oversight, and direction of Hilton and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

72.    BKV knew Hilton, and other Putative Class Members, worked more than 40 hours in a week.

73.    BKV knew, or showed reckless disregard for whether, the Putative Class Members were not exempt from the FLSA or PMWA's overtime provisions.

74.    Nonetheless, BKV failed to pay Hilton and the Putative Class Members overtime.

75.    BKV knowingly, willfully, or in reckless disregard carried out this illegal day rate pay plan that deprived Frost and the Putative Class Members of overtime compensation in violation of the FLSA and PMWA.

76.    BKV's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

77.    BKV willfully violated the FLSA and PMWA.

## CAUSE OF ACTION
## FLSA VIOLATIONS

78.   BKV's day rate pay plan violates the FLSA because Hilton and the other Putative Class Members did not receive overtime pay for hours they worked in excess of 40 in a week.

79.   BKV knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

80.   BKV's failure to pay overtime compensation to the Putative Class Members was not based on any reasonable interpretation of the law.

81.   Nor was BKV's decision not to pay its Putative Class Members overtime made in good faith.

82.   Accordingly, Hilton and the Putative Class Members are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

### PMWA VIOLATIONS

83.   Hilton brings this claim under the PMWA as a Rule 23 class action.

84.   The conduct alleged violates the PMWA (43 Pa. Stat. Ann. § 333.104).

85.   At all relevant times, BKV was subject to the requirements of the PMWA.

86. At all relevant times, BKV employed Hilton and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

87. The PMWA requires employers like BKV to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week. Hilton and each member of the Pennsylvania class are entitled to overtime pay under the PMWA.

88. BKV had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek and misclassifying them as independent contractors.

89. Hilton and each member of the Pennsylvania class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

90. Hilton and each member of the Pennsylvania class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by BKV, as provided by the PMWA.

CLASS AND COLLECTIVE ACTION ALLEGATIONS

91.    Hilton incorporates all previous paragraphs and alleges that the illegal pay practices BKV imposed on Hilton were likewise imposed on the Putative Class Members.

92.    Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

93.    Numerous other individuals who worked with Hilton indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

94.    Based on his experiences and tenure with BKV, Hilton is aware that BKV's illegal practices were imposed on the Putative Class Members.

95.    The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

96.    BKV's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

97.    Hilton's experiences are therefore typical of the experiences of the Putative Class Members.

98.    The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

99.   Hilton has no interests contrary to, or in conflict with, the Putative Class Members.

100.   Like each Putative Class Member, Hilton has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

101.   A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

102.   Absent this action, many Putative Class Members likely will not obtain redress of their injuries and BKV will reap the unjust benefits of violating the FLSA and PMWA.

103.   Furthermore, even if some of the Putative Class Members could afford individual litigation against BKV, it would be unduly burdensome to the judicial system.

104.   Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

105.   The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.  Whether BKV employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and the PMWA;

b.  Whether members of the Classes were improperly misclassified as independent contractors;

c.  Whether BKV's decision to classify the members of the Classes as independent contractors was made in good faith;

d.  Whether BKV's day rate pay practice meets the salary basis test;

e.  Whether BKV's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

f.  Whether BKV's violation of the FLSA and the PMWA was willful; and

g.  Whether BKV's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

106.   Hilton's claims are typical of the claims of the Putative Class Members. Hilton and the Putative Class Members sustained damages arising out of BKV's illegal and uniform employment policy.

107.   Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

108. Therefore, this issue does not preclude class or collective action treatment.

**JURY DEMAND**

Hilton demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Hilton prays for judgment against BKV as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding BKV liable for unpaid back wages due to Hilton and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d. For an Order appointing Hilton and his counsel as Class Counsel to represent the interests of both the federal and state law classes;

e.   For an Order awarding attorneys' fees, costs and pre- and post-
judgment interest; and

f.   For an Order granting such other and further relief as may be
necessary and appropriate.

Respectfully submitted,

By: */s/ Corey S. Suda*
    **Gregory E. Fellerman**
    **Corey S. Suda**
    **FELLERMAN & CIARIMBOLI LAW,
    PC**
    183 Market St., Suite 200
    Kingston, PA 18704
    570-718-1444 – Telephone
    570-714-7255 – Facsimile
    gef@fclawpc.com

    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Taylor A. Jones**
    Texas Bar No. 24107823
    **JOSEPHSON DUNLAP, LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH, PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**